UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**SCOTT ZIMMERMAN,**
315 S. Prentice St.
Clayton, WI 54004

                    Plaintiff,

                                        Case No. <u>23-cv-237</u>

          vs.


**UNITED OF OMAHA LIFE INSURANCE COMPANY,**
Registered Agent:
Corporation Service Company
33 E Main St Ste 610
Madison, WI  53703
                    Defendants.

## COMPLAINT

The Plaintiff, Scott Zimmerman, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

### <u>PARTIES</u>

1.      Plaintiff is an adult resident of the State of Wisconsin and currently resides in Clayton, Wisconsin.

2.      Defendant, United of Omaha Life Insurance Company, on information and belief is a corporation organized under the laws of Nebraska, licensed to do business in Wisconsin.

3.      On information and belief, Defendant administers and insures a long-term disability insurance plan for Nolato Contour ("the Plan"), an employee welfare

benefit plan subject to ERISA as amended, that has been in effect since at least May 6, 2022 and continues to the present time.

## JURISDICTION & VENUE

4.      As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5.      Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6.      Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7.      Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8.      Plaintiff is a former manufacturing engineer for Nolato Contour.

9.      During the course of Plaintiff's employment, Plaintiff became eligible for coverage under the employer's short-term disability insurance ("STDI") Plan.

10.     Plaintiff ceased working on or about May 6, 2022 due to his medical condition, fibromyalgia.

11.     Upon becoming disabled, Plaintiff filed a claim for STDI benefits.

12.     Plaintiff's STDI benefit is worth approximately $4,079.92 per month.

13.   Defendant was responsible for determining whether Plaintiff was eligible for STDI benefits.

14.   Defendant was responsible for paying Plaintiff's STDI benefits.

15.   Defendant denied Plaintiff's STDI benefits claim beyond May 6, 2022.

16.   Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

17.   Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

18.   Plaintiff submitted all information requested by the Defendant.

19.   Defendant failed to consider the issues raised in Plaintiff's appeal.

20.   Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

21.   Defendant did not perform a "full and fair review" of Plaintiff's claim.

22.   Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

23.   Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

24.   Defendant failed to engage in a meaningful dialogue with Plaintiff.

25.   Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

26.   Defendant conducted a selective review of Plaintiff's medical records.

27.     Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

28.     At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

29.     At all times material to this case, the Plan has remained in full force and effect.

30.     Defendant's denial of Plaintiff's claim STDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

31.     The preceding paragraphs are reincorporated by reference as though set forth here in full.

32.     Plaintiff has been and remains disabled, as that term is defined by the Plan.

33.     Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plans have not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

34.     Defendant wrongfully denied STDI benefits due to Plaintiff.

35.     Alternatively, if a deferential standard of review applies, then Defendant arbitrarily, capriciously, and unreasonably denied Plaintiff benefits.

36.     Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

37.     Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

38.     Defendant's denial of Plaintiff's STDI benefits was incorrect and "downright unreasonable."

39.     For these and other reasons, Defendant wrongfully denied Plaintiff's claim for STDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Scott Zimmerman, demands judgment from the Defendant for the following:

A.     Payment of all retroactive STDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B.     A declaration of Plaintiff's continued eligibility for all STDI benefits under the Plan;

C.     Prejudgment interest;

D.     Reasonable attorney's fees and costs related to the action; and

E.     Such other and further relief that the Court deems just and equitable.

Dated: April 17, 2023.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Scott Zimmerman*

By: _____

William E. Parsons, WI State Bar No. 1048594
Email: wparsons@hq-law.com
Naomi R. Swain, WI State Bar No. 1115655
Email: nswain@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236